UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HARRIS, | No. 2:14-cv-0971-CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be denied and that the Commissioner's cross-motion for summary judgment be granted.

BACKGROUND

Plaintiff, born November 16, 1965, applied on March 15, 2011 for DIB and on March 22, 2011 for SSI, alleging disability beginning October 15, 2010. Administrative Transcript ("AT") 13, 170-187. Plaintiff alleged she was unable to work due to fibromyalgia, anxiety, and depression. AT 218. In a decision dated January 25, 2013, the ALJ determined that plaintiff was

1

not disabled.[1]  AT 13-21.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2.  The claimant has not engaged in substantial gainful activity since October 15, 2010, the alleged onset date.
>
> 3.  The claimant has the following severe impairment: fibromyalgia.
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), with the ability to lift and/or carry 50 pounds occasionally and 25 pounds frequently; to stand and/or walk for 6 hours in an 8-hour workday; and to sit without restrictions. The claimant is able to walk on uneven terrain, climb ladders and work at heights on a frequent basis.

6. The claimant is capable of performing past relevant work as a delicatessen clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2010 through the date of this decision.

AT 15-20.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) giving "great weight" to the opinion of Dr. Simmonds, an examining physician, even though Dr. Simmonds's opinion did not properly consider the impact of plaintiff's fibromyalgia; and (2) failing to provide clear and convincing reasons in support of her determination that plaintiff's testimony regarding the extent of her pain and limitations was not fully credible.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

////

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

   A. The ALJ Properly Assigned "Great Weight" to Dr. Simmonds's Opinion

First, plaintiff argues that the ALJ improperly relied on Dr. Simmonds's opinion in determining plaintiff's RFC because that opinion fails to properly assess the impact of plaintiff's fibromyalgia. Specifically, plaintiff contends that "Dr. Simmonds did not evaluate the record or state any findings from it regarding fibromyalgia." ECF No. 23 at 8. This argument is frivolous. A review of Dr. Simmonds' opinion demonstrates that he specifically diagnosed plaintiff with "[m]ultiple joint and muscular pains manifested from a history of fibromyalgia" and based his functional opinion on submitted medical records and his own independent medical examination of plaintiff. AT 350-54. Plaintiff further argues that Dr. Simmonds also did not conduct a "tender points" evaluation of plaintiff to determine the existence of fibromyalgia. However, this argument is also patently frivolous because, even though he did not administer a "tender points" test, Dr. Simmonds acknowledged that plaintiff had fibromyalgia on the basis of her prior medical records and other examination techniques and opined her limitations based, in part, on that diagnosis. In short, because Dr. Simmonds' opinion was valid medical opinion evidence that was supported by objective medical findings, the ALJ did not error in considering it and assigning it "great weight."

/////

/////

B.     The ALJ Properly Found Plaintiff's Testimony Less Than Fully Credible

Plaintiff also argues that the ALJ improperly found plaintiff's testimony to lack credibility. This contention is without merit.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ found plaintiff's testimony regarding the intensity, persistence, and limiting effects of her impairments not fully credible for the following reasons:

> Although there have been allegations that the claimant is only able to walk for 20 yards or up to 20 minutes before needing to stop and rest, Dr. Liddell and medical consultants employed by the state opined that the claimant was able to stand and walk for 6 hours in an 8-hour workday. The claimant also complained of difficulty with manipulative functions; however, she has revealed that she enjoys spending time on the computer. Dr. Liddell also opined that the claimant had no manipulative limitations on examination of the claimant. In addition, during her hearing, the claimant testified that she had never used cocaine. However, in her psychological evaluation, she revealed that she had a history of using cocaine. The claimant's inconsistent statements concerning her past cocaine use weigh against her credibility. The undersigned finds that the claimant's credibility is poor.

AT 19. In short, the ALJ discounted plaintiff's subjective complaints regarding the extent of her pain and limitations because it conflicted with the objective medical evidence in the record and plaintiff's daily living activities, and plaintiff's testimony regarding cocaine use conflicted with her prior statements to her physicians on that topic. Contrary to plaintiff's contention, these were clear and convincing reasons for discounting plaintiff's testimony.

First, the ALJ determined that plaintiff's testimony that her impairments caused her total disability was at odds with the objective medical evidence in the record. "[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)). However, although a lack of medical evidence cannot form the sole basis for discounting plaintiff's subjective symptom testimony, it is nevertheless a relevant factor for the ALJ to consider. Burch, 400 F.3d at 681. Here, the record properly supported the ALJ's adverse credibility determination. For instance, Dr. Simmonds[2]

---

[2] Plaintiff asserts that the ALJ confused Dr. Simmonds in her discussion of plaintiff's credibility with Dr. Liddell, an examining psychologist. A review of the record demonstrates that plaintiff is correct in this assertion. It is clear from the ALJ's discussion that she refers to the findings in Dr. Simmonds's opinion when she refers to the opinion of Dr. Liddell in her discussion of plaintiff's credibility. Accordingly, the court treats the ALJ's statements regarding Dr. Liddell in her discussion of plaintiff's credibility as referring to Dr. Simmonds's medical findings and opinion.

1 opined that plaintiff could stand and walk for up to 6 hours in an 8-hour workday and had no
2 manipulative limitations, AT 354, which significantly conflicted with plaintiff's subjective
3 complaints that she could walk only 20 minutes at a time and had significant problems with
4 performing manipulative activities such as using a computer keyboard and handling dishes, AT
5 37, 214. The ALJ referred to this evidence in support of her determination that plaintiff's
6 subjective claims of disability were not credible. AT 19. Such medical evidence strongly
7 supported the ALJ's adverse credibility determination.
8 Further, the ALJ found that plaintiff's statements that she used a computer to play games
9 on a daily basis conflicted with her claim that her impairments severely limited her ability to use a
10 computer. AT 19. Plaintiff argues that the ALJ's reasoning regarding plaintiff's computer use is
11 flawed because there is no indication in the record that plaintiff used her computer at home for an
12 amount of time approaching what would be necessary if she were to perform work on a full-time
13 basis. However, because there is no indication as to how long plaintiff spent playing on the
14 computer other than that it was "daily," AT 209, 2013, the ALJ's interpretation that this activity
15 undermined her complaints that her impairments severely limited her ability to use a computer
16 keyboard was reasonable. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing Andrews
17 v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir.1995)) ("Where evidence is susceptible to more than
18 one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ properly
19 determined that this contradiction undermined plaintiff's testimony with regard to the extent of
20 the limitations caused by her impairments.
21 Finally, the ALJ relied on the inconsistencies in plaintiff's testimony and statements to her
22 physicians in the record regarding her past use of cocaine as a basis for finding her not credible.
23 During the administrative hearing, the ALJ asked plaintiff if she used cocaine, among other drugs,
24 and plaintiff replied with a "no." AT 32-33. However, during a psychological examination
25 conducted by Dr. Liddell, plaintiff stated that she had a history of cocaine abuse beginning at age
26 13, but had not used the substance since age 27. AT 359. Plaintiff argues that the ALJ's
27 determination that these statements were inconsistent is erroneous because during the hearing, the
28 ALJ only asked plaintiff whether she used cocaine, which reasonably indicated that the ALJ was

1 questioning only whether she used it at that present time, and not whether she had used it at any
2 time in her life. Plaintiff contends that the ALJ made it clear that she was only asking whether
3 she was using cocaine at that time because when the ALJ previously asked plaintiff a similar
4 question regarding marijuana use, she asked a follow up question about whether plaintiff had used
5 the substance in the past, but did not provide a similar follow up with regard to her question about
6 cocaine. AT 32-33.

7 While plaintiff provides an interpretation of the ALJ's questioning regarding plaintiff's
8 cocaine use that rationally reconciles plaintiff's response to that questioning with her prior
9 statements in the record on the subject, the ALJ's own interpretation of the record, i.e., that
10 plaintiff's denial of any cocaine use at the hearing conflicted with her statements to Dr. Liddell, is
11 equally reasonable. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (citing Gallant v.
12 Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984)) ("We must uphold the ALJ's decision where the
13 evidence is susceptible to more than one rational interpretation."). Given the ALJ's prior
14 questioning regarding whether plaintiff used various illicit substances in the past and plaintiff's
15 statements to Dr. Liddell that she had used cocaine over the course of a 14-year period, it was
16 reasonable for the ALJ to determine that plaintiff's "no" response to the question of whether she
17 used cocaine was inconsistent with her prior statements and reflected negatively on her overall
18 credibility. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (holding that the ALJ's
19 reasoning that the claimant's lack of candor regarding her drug and alcohol use "carrie[d] over to
20 her description of physical pain" supported the ALJ's finding the claimant's testimony was not
21 credible). Accordingly, the ALJ's reliance on this evidence properly supported her negative
22 credibility determination.

23 Because the ALJ provided clear and convincing reasons for finding plaintiff's testimony
24 regarding the severity of her impairments not credible that were based on substantial evidence in
25 the record, the ALJ did not err in her credibility determination.

26 CONCLUSION
27 For the reasons stated herein, IT IS HEREBY ORDERED that:
28 1. Plaintiff's motion for summary judgment (ECF No. 19) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24) is granted; and

3. Judgment is entered for the Commissioner.

Dated: September 28, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 Harris.ss